WYNNE, Supervisor of Permits, et al. v. SUPERIOR MFG. CO.

No. 4619.

Circuit Court of Appeals, Third Circuit.

Dec. 8, 1931.

Edward C. Dougherty, of Philadelphia, Pa., Louise Foster, Sp. Asst. to Atty. Gen., Phillip Forman, U. S. Atty., of Trenton, N. J., and Richard H. Woolsey, of Philadelphia, Pa., for appellants.

Abram M. Frumberg, of New York City, and Harold Simandl, of Newark, N. J., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court made on April 9, 1931, refusing to dissolve an injunction made by the court December 31, 1930.

The Superior Manufacturing Company is a New Jersey corporation and held a permit for 1930 authorizing it to use alcohol in manufacturing cereal beverages of less than one-half of one per cent. of alcoholic strength or content. Its plant is located in the city of Elizabeth, Union county, N. J.

On March 20, 1930, prohibition agents made a search of, or raid on, the plant of the appellee and discovered, they allege, the manufacture of beer exceeding legal alcoholic content, which was being diverted through a pipe to a garage across the street from the plant or brewery, and there racked off and shipped out in trucks.

A citation was issued by the prohibition administrator requiring the Superior Company to show cause why its permit should not be revoked. The company thereupon made application to the court for the suppression of the evidence discovered by the search on March 20, 1930, on the ground that it violated the Fourth Amendment. On June 9, 1930, the court entered an order restraining the supervisor and Commissioner until the further order of the court, from using any of the evidence discovered on March 20, 1930, in any proceedings against the Superior Company before the grand jury, in forfeiture, penalty, or padlock proceedings, or in proceedings for the revocation of the permit. There was no appeal from this order.

On August 27, 1930, the Superior Company made application for the renewal of its permit for 1931. The supervisor took no action on the application until December 2, 1930, when he wrote the Superior Company that its application was "disapproved for the reason that under your present permit, you have conducted your business in such a manner as would not warrant further extension of the confidence of the Government.

"You are informed that you may apply for a hearing on the matter of the disapproval of this application within fifteen days, at which time you will have opportunity to furnish such information as you believe would tend to alter this decision."

The Superior Company treated this letter as a decision on its application for a permit, and filed a bill wherein it prayed the court to enter an order directing the supervisor to issue to it a permit pending the final hearing thereon or the further order of the court.

On December 31, 1930, after stating that the Superior Company was entitled to temporary relief, the court:

"Ordered that the supervisor of permits, Samuel O. Wynne, do issue to the complainant a permit to manufacture cereal beverages of less than one-half of one per cent. of al-

coholic strength by the process of dealcoholization authorized by Section 37 Title II of the National Prohibition Act, pending a hearing and final conclusion on said application by the defendants and until the further order of this court.

"And it is further ordered that a true copy of this order be served upon the defendants either personally or by registered mail within four days of the day and date hereof."

On February 2, 1931, a hearing on the application for a permit was held pursuant to the offer contained in the supervisor's letter of December 2, 1930. At this hearing testimony was given, over the objection of the Superior Company, of the facts discovered in the search of March 20, 1930, but the Superior Company refused to give any evidence as to the facts alleged to have been discovered during the search, or to cross-examine the government witnesses on the ground that it was restrained from doing so by the order of June 9, 1930.

The hearer filed his report, and the supervisor on February 17, 1931, refused the application for a permit for 1931, and two days later, on February 19th, filed a petition in the District Court praying that it terminate the order of December 31, 1930, directing him to issue a permit for 1931. Thereupon the court issued a rule upon the Superior Company to show cause on March 2, 1931, why an order should not be made terminating the temporary permit. On that day, the court heard arguments on both sides, but continued the matter from time to time until March 16, 1931, when the following order was entered:

"This matter coming on to be heard on the return date of an order to show cause why an order should not be made terminating the temporary permit which was issued by Samuel O. Wynne, Supervisor for the Third District of the United States, pursuant to an Order granted by this Court on the 31st day of December, 1930, and the Court having heard Harold Simandl, in behalf of the complainant, and Richard Hay Woolsey, solicitor of the defendants, it is on this 16th day of March, 1931,

"Ordered that the application be denied and that the hearing on the application of the complainant be resumed before the Administrator in order that the complainant may have an opportunity to cross-examine the witnesses produced on behalf of the Administrator and produce such proof as it may deem necessary, and it is further

"Ordered that said hearing shall not be held until the disposition of this Court in the matter of Superior Manufacturing Company v. James M. Doran, et als., an action brought to suppress evidence, now pending in this Court."

Neither was an appeal taken from this order, but instead the supervisor on April 9, 1931, filed another petition praying that the court enter an order terminating the temporary permit issued in accordance with the order of December 31, 1930. The court denied this petition, and entered the following order: "And now this 9th day of April, 1931, upon consideration of the within petition of Samuel O. Wynne, Supervisor of Permits for the Third District, it is ordered, adjudged and decreed that the prayers of said petition be denied, and the Court refuse the said application for a dissolution of the said injunction issued by this Court on December 31, 1930."

From this order, the supervisor appealed and submits three reasons why it should be reversed.

"(1) The District Court had no power to compel by preliminary injunction, the issuance of a temporary permit to operate a brewery."

Whether or not, under the circumstances, the court did or did not have power, we are not deciding, but if it did not have power, and was without jurisdiction to make the order of December 31, 1930, as the supervisor alleges, he should have appealed from the order and not have executed it. This he did not do. The statutory period within which he may appeal has long since expired, and it is too late for him now to raise that question.

"(2) If the court has power to compel by preliminary injunction the issuance of a temporary permit, it should not do so in a case where the applicant has not availed itself of an opportunity for a hearing before the Supervisor."

This may or may not be true, but without deciding that question, if the supervisor thought that the court should not have directed the issuance of a permit either because it did not have power to do so, or that, having power, it should not have exercised it under the circumstances of this case, when the applicant had not availed itself of the opportunity of a proffered hearing, the evident course for him to have pursued was to appeal within thirty days from the order. Title 28 USCA § 227. This he did not do, and the appeal here under con-

sideration is an effort to do indirectly and out of time what should have been done directly and in time.

The letter disapproving of the renewal of the permit did not reach the applicant until December 5, 1930, three months and nine days after the application was made. The applicant was informed that it might apply for a hearing within fifteen days, and, if that course had been followed, a hearing would have been set for some time thereafter, but just when it would have taken place, before or after the expiration of the permit for 1930, is problematical. The delay which, in the opinion of the court, made this order necessary was not chargeable to the applicant, and the order was to continue only pending the hearing and until the final conclusion on the application.

(3) The third proposition on which the supervisor relies for a reversal is that, "if the court had authority to grant a preliminary injunction in this case, and if the situation of December 31, 1930, was such as to require such action, the injunction nevertheless should have been dissolved on April 9, 1931."

█ The supervisor sought to obtain by his petition of April 9, 1931, exactly what he sought in his petition of February 19, 1931. In the petition of February 19, 1931, the supervisor prayed that an order be issued by the court "terminating the said temporary permit issued by your petitioner pursuant to the order issued by your Honorable Court on December 31, 1930." By the order of March 16, 1931, the court denied the petition, and directed that the hearing on the application for a permit be resumed in order that the applicant might have an opportunity to cross-examine the government witnesses and produce such proof as it deemed necessary. As above stated, the supervisor did not appeal from this order, but on April 9, 1931, filed another petition praying for the same relief that he prayed for in his former petition of February 19, 1931. He had thirty days to appeal from the order of March 16, 1931. He says that he did not do so because he did not know it had been entered until April 13, 1931, when he received a copy by mail from the applicant. It appears that the clerk does not notify counsel of the filing of an order such as is here under consideration. Whether or not the supervisor should have sooner discovered that the order had been filed, we need not decide, for he had three days within which to appeal after he received the copy. Not having done so, he cannot now extend the statutory period for appeal, and thus find what was lost, or revive what was dead by filing a second or third petition for the same relief which the court denied in a valid order from which he did not appeal.

Again the order of March 16, 1931, directed that the hearing on the application for the permit be resumed so that the applicant might cross-examine the witnesses produced on behalf of the administrator or supervisor, and also produce such proof as it deemed necessary. This was to be done after the petition to suppress the evidence discovered on March 20, 1930, had been disposed of, for that evidence, if admissible, might have a decisive effect upon the application to renew the permit. What action the court may take as to terminating the order of December 31, 1930, when all the admissible evidence is before it, cannot be anticipated. The supervisor, in effect, is asking this court to prevent the evidence from coming before the District Court which it feels is necessary for the correct disposition of the case. This, in the state of the record before us, we cannot do.

It follows that the appeal must be dismissed, and the order of the District Court affirmed.